UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FAUSTO GUAMAN and NELSON VIDES,   Case No.

                  Plaintiffs,

    -vs.-                                       **COMPLAINT**

APPOLO TECH, CORP., SAFETX
CONTRACTING CORP., PHILIPPOS I KAPNISIS
and NICHOLAS P. KAPNISIS,

                  Defendants.
------------------------------------------------------------------X

Plaintiffs, FAUSTO GUAMAN and NELSON VIDES, by and through their attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### ***THE PARTIES***

1. Plaintiff FAUSTO GUAMAN, (hereinafter "Mr. Guaman" or "Plaintiff Guaman") is an individual residing in Brooklyn, New York.

2. Plaintiff NELSON VIDES, (hereinafter "Mr. Vides" of "Plaintiff Vides") is an individual residing Queens, New York.

3. Upon information and belief, Defendant APPOLO TECH, CORP., (hereinafter "Appolo Tech.") was and is a domestic corporation whose principal place of business is located 72 Bowne Street, Brooklyn, NY 11231.

4. Upon information and belief, Defendant SAFETX CONTRACTING CORP., (hereinafter "SafeTx Cont.") was and is a domestic corporation whose principal place of business is located at 72 Bowne Street, Brooklyn, NY 11231.

5. Upon information and belief, Defendant PHILIPPOS I KAPNISIS, (hereinafter "Philippos") is an individual, whose actual place of business is located at 72 Bowne Street, Brooklyn, NY 11231.

6. Upon information and belief, at all times herein pertinent, Defendant Philippos, served as a principal, officer and/or manager of Defendants Appolo Tech. and SafeTx Cont.

7. Upon information and belief, Defendant NICHOLAS P. KAPNISIS, (hereinafter "Nicholas") is an individual, whose actual place of business is located at 72 Bowne Street, Brooklyn, NY 11231.

8. Upon information and belief, at all times herein pertinent, Defendant Nicholas, served as a principal, officer and/or manager of Defendants Appolo Tech. and SafeTx Cont.

9. Prior to the filing of this Complaint, Defendant Philippos was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

10. Prior to the filing of this Complaint, Defendant Nicholas was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

11. Upon information and belief, for the calendar year 2014 the gross receipts of Appolo Tech were not less than $500,000.00.

12. Upon information and belief, for the calendar year 2015 the gross receipts of Appolo Tech were not less than $500,000.00.

13. Upon information and belief, for the calendar year 2016 the gross receipts of Appolo Tech were not less than $500,000.00.

14. Upon information and belief, for the calendar year 2017 the gross receipts of Appolo Tech will not be less than $500,000.00.

15. Upon information and belief, for the calendar year 2014 the gross receipts of SafeTx Cont. were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2015 the gross receipts of SafeTx Cont. were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2016 the gross receipts of SafeTx Cont. were not less than $500,000.00.

18. Upon information and belief, for the calendar year 2017 the gross receipts of SafeTx Cont. will not less than $500,000.00.

19. Upon information and belief, the two corporate defendants, Appolo Tech. and SafeTx Cont. are operated under common ownership and under common management for a joint business purpose, as a joint enterprise

20. Upon information and belief the defendants Philippos and Nicholas own the beneficial interest in the defendants Appolo Tech. and SafeTx Cont.

21. Upon information and belief, the defendants Philippos and Nicholas conduct substantially all the management function of the defendants, Appolo Tech. and SafeTx Cont.

22. Upon information and belief, the defendants Appolo Tech. and SafeTx Cont. have operated in the manner outlined in ¶¶ 19-21, inclusive, for at least the three years preceding the filing of this complaint

23. Upon information and belief, the aggregate gross receipts of Appolo Tech. and SafeTx Cont., exceeded $500,000.00 in each of the calendar years 2014 through 2017, inclusive.

24. SafeTx Cont. and Appolo Tech have the same owners and management, including Philippos and Nicholas.

25. SafeTx Cont. and Appolo Tech have substantially all the same employees, including Guaman and Vides.

26. SafeTx Cont. stopped all business activity under Appolo Tech as soon as it was acquired and began doing work under the business SafeTx Cont.

27. SafeTx assumed many of the liabilities of Appolo Tech upon acquisition, including but not limited to, payroll and tax liabilities.

28. SafeTx continued Appolo Tech's business operations upon acquisition.

29. SafeTx Cont. in the successor-in-interest of Appolo Tech.

## *JURISDICTION AND VENUE*

30. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

31. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

32. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

33. At all times herein pertinent, and in the course of their duties, Plaintiffs regularly handled products which had been moved in commerce, including, but not limited to, welders and torches.

34. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

35. Appolo Tech. operates as an iron and welding company.

36. SafeTx Cont operates as an iron and welding company.

37. Mr. Guaman was employed by the Defendants beginning on December 8, 2013.

38. All of Mr. Guaman's claims, as pleaded herein, end on June 22, 2016.

39. Mr. Guaman was assigned various duties including but not limited to assistant welder and ironwork, cutting metal, welding, soldering, torching, loading and unloading materials.

40. Mr. Guaman worked Mondays through Fridays, inclusive, from 7:00 AM until 6:00 PM and Saturdays from 7:00 AM until about 5:00 PM.

41. Mr. Guaman was compensated at $14.00 per work hour from on or about December 8, 2013 until on or about December 31, 2014.

42. From on or about January 1, 2015 Mr. Guaman was compensated at $17.00 per work hour until on or about until his departure.

43. Plaintiff Vides' employment with the Defendants began in the 2010 calendar year.

44. All of Mr. Vides' claims, as pleaded herein, end on August 23, 2016.

45. Plaintiff Vides was assigned various duties including but not limited to assistant welder and ironwork, cutting metal, welding, soldering, torching, loading, installing beams and unloading materials.

46. Plaintiff Vides worked Mondays through Fridays, inclusive, from 7:00 AM until about 6:00 PM and Saturdays from 7:00 AM until about 5:00 PM.

47. From on or about January 1, 2011 Mr. Vides was compensated at $14.00 per work hour until on or about October 31, 2013.

48. From on or about November 1, 2013 Mr. Vides was compensated at $16.00 per work hour until on or about until his departure.

49. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times his regular rate of pay for those hours.

50. The Defendants Philippos and Nicholas paid the plaintiffs with a mixture of check and cash.

51. Upon information and belief, Defendants Philippos and Nicholas each had the power to hire employees at Appolo Tech. and SafeTx Cont.

52. Defendant Philippos hired Mr. Guaman on or about December 8, 2013.

53. Defendant Nicholas hired Mr. Vides in the 2010 calendar year.

54. Upon information and belief, Defendants Philippos and Nicholas each had the power to fire employees at Appolo Tech. and SafeTx Cont.

55. Defendants Philippos and Nicholas each controlled the terms of the Plaintiffs employment in that he would tell the Plaintiffs what tasks to complete and on what time frame they needed to be completed.

56. Upon information and belief, Defendants Philippos and Nicholas each controlled the work schedule of all of the employees of Appolo Tech. and SafeTx Cont., including the Plaintiff's work schedule.

57. Upon information and belief, the Defendants Philippos and Nicholas each controlled the rates and methods of payment of each of the employees of Appolo Tech. and SafeTx Cont., including the Plaintiffs pay rates and methods of pay.

58. At all times herein pertinent, the Plaintiffs performed their duties for Defendants Appolo Tech. and SafeTx Cont. at the direction and under the control of Defendants Philippos and Nicholas.

59. Upon information and belief, and at all times herein pertinent, Defendants Philippos and Nicholas each exercised close control over the managerial operations of Appolo Tech. and SafeTx Cont., including the policies and practices concerning employees.

60. At all times herein pertinent, Defendants Philippos and Nicholas each controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Appolo Tech. and SafeTx Cont. in general, and with respect to the Plaintiffs in particular.

61. At all times herein pertinent, Defendants Philippos and Nicholas each acted as the Plaintiffs employer within the meaning of the FLSA and the New York State Labor Law.

62. The Defendants did not create or maintain records showing the precise number of hours Plaintiffs worked or of wages earned.

63. Plaintiffs alternatively allege that Defendants created records showing the number of hours Plaintiffs worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

64. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

65. Defendants were required to directly pay the Plaintiffs an overtime premium of one and one half times the Plaintiffs regular rate of pay for all hours worked over forty (40) in a given workweek.

66. Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiffs were entitled under the FLSA.

67. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## *AS AND FOR A SECOND CAUSE OF ACTION*
## *STATE WAGE AND HOUR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(OVERTIME)*

68. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

69. Defendants have failed to pay Plaintiffs the overtime premium of one and one half times the Plaintiffs regular rate of pay for all hours worked above forty in a given work week, to which the Plaintiffs are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

70. Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

## AS AND FOR A THIRD CAUSE OF ACTION
## STATE WAGE AND HOUR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY SPREAD OF HOURS)

71. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

72. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiffs, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

73. Through their knowing or intentional failure to pay Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

74. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

75. Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. Defendants have willfully failed to furnish the Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

77. Through their knowing or intentional failure to provide the Plaintiffs with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS*

78. Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79. Defendants have willfully failed to furnish the Plaintiffs with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

80. Through their knowing or intentional failure to provide the Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(RECORD KEEPING VIOLATIONS)*

81. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

82. Defendants failed to make, keep, and preserve accurate records with respect to the plaintiffs, including hours worked each workday, total hours worked each workweek, of wages or tips earned, as required by Article 19, §§ 650 *et seq.,* and supporting regulations, including 12 NYCRR § 146-2.1.

**WHEREFORE**, Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

(a) awarding back pay for overtime pay due and owing to the Plaintiffs;

(b) awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiffs;

(c) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

(d) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(e) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(f) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
May 9, 2017

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
*Attorneys for Plaintiffs*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52934

15

To:

APPOLO TECH, CORP.,
72 Bowne Street
Brooklyn, NY 11231

SAFETX CONTRACTING CORP.
72 Bowne Street
Brooklyn, NY 11231

PHILIPPOS I KAPNISIS
72 Bowne Street
Brooklyn, NY 11231

NICHOLAS P. KAPNISIS
72 Bowne Street
Brooklyn, NY 11231

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FAUSTO GUAMAN and NELSON VIDES,            Case No.

                              Plaintiffs,

     -vs.-

APPOLO TECH, CORP., SAFETX
CONTRACTING CORP., PHILIPPOS I KAPNISIS
and NICHOLAS P. KAPNISIS,

                            Defendants.
-----------------------------------------------------------------X

_____

**COMPLAINT**
_____

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52934